STEPHEN D. HANS & ASSOCIATES, P.C.
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704
*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PEDRO CABRERA,

                                                                 14 Civ. 5599 (FB)(RLM)

                      Plaintiff,

      -against-

                                                            **ANSWER**

GLENOAK ENTERPRISES LLC
d/b/a 2000 Hand Car Wash,
PHENOMENA WASH, LTD.
d/b/a Savvy Car Wash,
and ARTHUR STEIN,

                      Defendants.
------------------------------------------------------------------------X

**ANSWER**

      The defendants GLENOAK ENTERPRISES LLC, PHENOMENA WASH, LTD. and ARTHUR STEIN (hereinafter referred to, collectively, as the "Defendants"), by and through their attorneys, STEPHEN D. HANS AND ASSOCIATES, P.C., as and for their Answer to the complaint dated and filed in this action on September 24, 2014 (hereinafter the "Complaint") by the plaintiff PEDRO CABRERA (hereinafter referred to as the "Plaintiff"), allege as follows:

**AS AND FOR AN ANSWER TO PLAINTIFF'S
STATEMENTS REGARDING "INTRODUCTION"**

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

### AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS REGARDING "JURISDICTION AND VENUE"

3.	With respect to the allegations contained in Paragraph 3 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

4.	With respect to the allegations contained in Paragraph 4 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required; however, to the extent a response may be deemed required, the Defendants deny all of the allegations contained in such Paragraph.  Further, the Defendants note that this action has been brought in the Eastern District of New York and *not* in the Southern District of New York.

### AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS REGARDING THE "PARTIES"

5.	With respect to the allegations contained in Paragraph 5 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in such Paragraph.

6.	With respect to the allegations contained in Paragraph 6 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

7.	With respect to the allegations contained in Paragraph 7 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

8.	With respect to the allegations contained in Paragraph 8 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that Arthur Stein is the Chief Executive Officer of Phenomena Wash, Ltd.

9.	With respect to the allegations contained in Paragraph 9 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that the Plaintiff purports to bring this action as a collective action and seeks to represent alleged similarly situated individuals in such purported collective action pursuant to the Fair Labor Standards Act. However, the Defendants deny that such a collective action is appropriate in this matter.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

### AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS REGARDING "RULE 23 CLASS ALLEGATIONS – NEW YORK"

15. With respect to the allegations contained in Paragraph 15 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that the Plaintiff purports to assert his state law claims in this action as a class action pursuant to Fed. R. Civ. P. 23.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

20. With respect to the allegations contained in Paragraph 20 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

21. With respect to the allegations contained in Paragraph 21 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

22. With respect to the allegations contained in Paragraph 22 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph, including but not limited to all of those allegations set forth in subparagraphs (a) through (k) thereof.

## AS AND FOR AN ANSWER TO PLAINTIFF'S "STATEMENT OF FACTS"

23. With respect to the allegations contained in Paragraph 23 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that the Plaintiff was hired by Glenoak Enterprises LLC and worked solely for Glenoak Enterprises LLC for certain discrete period(s) of time.

24. With respect to the allegations contained in Paragraph 24 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that the Plaintiff was formerly employed by Glenoak Enterprises LLC at 175-04 Horace Harding Expressway, Fresh Meadows, NY, that the Plaintiff sometimes worked in excess of forty hours per week and ten hours per day, that the Plaintiff was an hourly wage employee and a tipped employee of Glenoak Enterprises LLC.

25. With respect to the allegations contained in Paragraph 25 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

26. With respect to the allegations contained in Paragraph 26 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

27. With respect to the allegations contained in Paragraph 27 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

29. With respect to the allegations contained in Paragraph 29 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

30. With respect to the allegations contained in Paragraph 30 of the Complaint, the Defendants, upon information and belief, deny all of the allegations contained in such Paragraph.

31. With respect to the allegations contained in Paragraph 31 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

32. With respect to the allegations contained in Paragraph 32 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

33. With respect to the allegations contained in Paragraph 33 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

34. With respect to the allegations contained in Paragraph 34 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

36. With respect to the allegations contained in Paragraph 36 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in such Paragraph.

### AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT I

37. The Defendants repeat and reassert each and every one of the responses contained in the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

38. With respect to the allegations contained in Paragraph 38 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required; however, to the extent a response may be deemed required, the Defendants deny all of the allegations contained in such Paragraph.

39. With respect to the allegations contained in Paragraph 39 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that the Plaintiff was formerly employed by Glenoak Enterprises LLC for certain discrete period(s) of time.

40. With respect to the allegations contained in Paragraph 40 of the Complaint, the Defendants admit the allegations contained in such Paragraph. However, the Defendants deny that Glenoak Enterprises LLC is a corporation.

41. With respect to the allegations contained in Paragraph 41 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

42. With respect to the allegations contained in Paragraph 42 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

43. With respect to the allegations contained in Paragraph 43 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that

time and pay records with respect to the Plaintiff's former employment with Glenoak Enterprises LLC are in the possession of Glenoak Enterprises LLC.

44. With respect to the allegations contained in Paragraph 44 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

45. With respect to the allegations contained in Paragraph 45 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

46. With respect to the allegations contained in Paragraph 46 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

47. With respect to the allegations contained in Paragraph 47 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

48. With respect to the allegations contained in Paragraph 48 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

### AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT II

49. The Defendants repeat and reassert each and every one of the responses contained in the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50. With respect to the allegations contained in Paragraph 50 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit only that the Plaintiff was formerly employed by Glenoak Enterprises LLC for certain discrete period(s) of time.

51. With respect to the allegations contained in Paragraph 51 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

52. With respect to the allegations contained in Paragraph 52 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

53. With respect to the allegations contained in Paragraph 53 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

54. With respect to the allegations contained in Paragraph 54 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

55. With respect to the allegations contained in Paragraph 55 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

56. With respect to the allegations contained in Paragraph 56 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

57. With respect to the allegations contained in Paragraph 57 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

58. The Defendants hereby deny any and all allegations in the Complaint, if any, that have not been specifically admitted, denied, or controverted above.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

The Defendants, upon information and belief, assert that the Plaintiff is not entitled to any of the relief sought in the Plaintiff's Prayer for Relief, including subparagraphs (a) through (l) thereof.

## AFFIRMATIVE AND OTHER DEFENSES

The Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. The Defendants further assert that, to the extent that the Plaintiff's claims as alleged are vague or unclear, so as to render it difficult or impossible to identify and assert every possible affirmative or other defense, the Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

## AS AND FOR A FIRST DEFENSE TO THE PLAINTIFF'S COMPLAINT

The statements and allegations contained in the Plaintiff's Complaint may fail to state any valid cause(s) of action upon which relief can be granted as a matter of fact and/or law, either on behalf of the Plaintiff or on behalf of those persons whom the Plaintiff may purport to represent.

## AS AND FOR A SECOND DEFENSE TO THE PLAINTIFF'S COMPLAINT

The causes of action alleged in the Complaint may be barred, in whole or in part, by applicable statutes of limitation.

## AS AND FOR A THIRD DEFENSE TO THE PLAINTIFF'S COMPLAINT

The causes of action alleged in the Complaint may not be maintained as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216, because the Plaintiff, upon information and belief, is not similarly situated to some or all of the persons whom he purports to represent.

## AS AND FOR A FOURTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

The statements and allegations contained in the Complaint fail to meet the requirements necessary to justify collective action certification or the issuance of collective action notice pursuant to 29 U.S.C. § 216 with respect to some or all of the employees alleged by the Plaintiff to be similarly situated to him.

## AS AND FOR A FIFTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Subject to proof through discovery, some or all of the claims asserted by the Plaintiff and/or the putative class members may be barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A SIXTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Subject to proof through discovery, some or all of the claims asserted by the Plaintiff and/or the putative class members may be barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

## AS AND FOR A SEVENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Subject to proof through discovery, some or all of the claims asserted by the Plaintiff and/or the putative class members may be barred in whole or in part by the doctrines of laches and/or waiver.

### AS AND FOR AN EIGHTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Subject to proof through discovery, the Plaintiff and/or the putative class members may not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and this action may not properly be maintained as a class action with respect to some or all of the claims asserted.

### AS AND FOR A NINTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Subject to proof through discovery, the Plaintiff and/or the putative class members may lack standing or may otherwise not be entitled to bring, maintain, or participate in a collective or class action under the FLSA or Rule 23 of the Federal Rules of Civil Procedure.

### AS AND FOR A TENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

The Defendants state, in the alternative if necessary, that part or all of any of the time for which the Plaintiff and/or the putative class members seek compensation is properly preliminary or postliminary time under the provisions of the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and is therefore not compensable.

### AS AND FOR AN ELEVENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

The Defendants state, in the alternative if necessary, that their actions or omissions with respect to the Plaintiff and/or putative class members were taken in good faith, with reasonable belief that such conduct comported with the requirements of federal and state law.

### AS AND FOR A TWELFTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Some or all of the Plaintiff's and/or putative class members' claims for class action relief under New York state law fail because New York law prohibits class claims that include invocation of penalties and/or liquidated damages.

**AS AND FOR A THIRTEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

Some or all of the Defendants are not proper parties to some or all of the claims asserted in the Complaint.

**AS AND FOR A FOURTEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

The named Plaintiff, upon information and belief, would inadequately protect and represent the interests of any potential class.

**AS AND FOR A FIFTEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

The Plaintiff's and/or putative class members' claims may be barred, in whole or in part, because some of the Defendants were not the Plaintiff's and/or putative class members' "employer" as such term may be defined under applicable federal or state laws and regulations.

**AS AND FOR A SIXTEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

To the extent that the Plaintiff and/or putative class members may have received compensation beyond that to which they were entitled under law, such additional compensation may satisfy, in whole or in part, any alleged claim for unpaid wages and overtime compensation or other monetary relief.

**AS AND FOR A SEVENTEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

The Defendants state, in the alternative if necessary, that if they are found to have violated any law or regulation, that any such violation was not willful.

**AS AND FOR AN EIGHTEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

The Plaintiff's claims, and the claims of any putative collective and/or class action members may be barred, in whole or in part, by the *de minimis* doctrine.

**AS AND FOR A NINETEENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

This Court should decline to exercise supplemental jurisdiction over the Plaintiff's claims that purport to arise under the New York Labor Law and supporting regulations.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

The Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. As such, the Defendants expressly reserve the right to assert additional defenses, and to seek to amend this Answer to include any such additional defenses, in the event that discovery indicates that any such additional defenses would be appropriate.

WHEREFORE, the Defendants respectfully request that judgment be entered by this Court dismissing any claims in the Complaint that are deemed by the Court to be lacking in merit, with prejudice, and granting such further relief as may be just and proper.

Dated: Long Island City, New York
January 12, 2014

STEPHEN D. HANS & ASSOCIATES, P.C.

By:_____/s/_____
Stephen D. Hans (SH-0798)
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700 x 204
Fax: 718.275.6704
Email: shans@hansassociates.com
*Attorneys for the Defendants*