# EXHIBIT A

## [Settlement Agreement]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

PEDRO CABRERA, on behalf of himself
and others similarly situated,

                       Plaintiff,

        -against-

GLENOAK ENTERPRISES LLC d/b/a 2000
HAND CAR WASH, PHENOMENA
WASH, LTD. d/b/a SAVVY CAR WASH
and ARTHUR STEIN,

                    Defendants.

Civil Action No.: CV 14-5599

Block, J.

-------------------------------------------------------x

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendants GLENOAK ENTERPRISES LLC d/b/a 2000 HAND CAR WASH, PHENOMENA WASH, LTD. d/b/a SAVVY CAR WASH and ARTHUR STEIN (collectively "Defendants") and PEDRO CABRERA (the "Named Plaintiff"), individually and on behalf of all of the opt-in plaintiffs in the Fair Labor Standards Act portion of the Litigation ("FLSA Collective Opt-in Plaintiffs"), as well as on behalf of all members of a prospective class asserting claims under the New York Labor Law and related regulations pursuant to Rule 23 of the Federal Rules of Civil Procedure ("NYLL Class") in the matter *Cabrera v. Glenoak Enterprises, LLC, et al.,* Case No. 14-CV-5599 (the "Litigation") (the Defendants and the Named Plaintiff, individually and on behalf of the NYLL Class and all of the FLSA Collective Opt-in Plaintiffs, are referred to collectively herein as the "Parties").

## 1.    RECITALS AND BACKGROUND

WHEREAS, on September 24, 2014, the Named Plaintiff filed a Class and Collective Action Complaint against Defendants asserting alleged violations of both the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law and related regulations ("NYLL") on behalf of himself as well as potential FLSA Collective Action Opt-in Plaintiffs and prospective NYLL Class Members;

WHEREAS, on February 3, 2015 the Parties stipulated to conditional certification of a collective action with respect to the Named Plaintiff's FLSA claims, which stipulation was So Ordered on February 6, 2015;

WHEREAS, following the mailing and posting of notice as provided in the FLSA collective action stipulation, seventeen (17) individuals filed consents to sue and joined the FLSA portion of the Litigation ("Opt-in Plaintiffs");

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims and Released Rule 23 Class Claims, between Named Plaintiff, FLSA Collective Opt-in Plaintiffs, the NYLL Class and Defendants, including all claims asserted in the Litigation;

WHEREAS, Defendants deny all of the allegations made by Named Plaintiff in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding that class and collective certification is warranted, without further acknowledging or conceding any liability or damages whatsoever, and without admitting that pay and/or overtime amounts improperly were withheld from any employees, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, counsel for the Named Plaintiff, FLSA Collective Opt-in Plaintiffs and the prospective NYLL Class members analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiff, the FLSA Collective Opt-in Plaintiffs and the prospective NYLL Class members, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Named Plaintiff, the FLSA Collective Opt-in Plaintiffs and the members of the prospective NYLL Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.      DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1      Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2      Authorized Claimant.** A Class Member who does not opt-out of the proposed settlement thus becomes entitled to receive an Individual Settlement Allocation.

1    **1.3**    **Bar Date.** The date by which any Class Member who wishes to opt-out of the
2             settlement must file an Opt-out Statement, which date shall be no later than forty-
3             five (45) days after the initial mailing of Notice by the Settlement Administrator.

4    **1.4**    **Class Counsel.** "Class Counsel" or "Plaintiff's Counsel" shall mean C.K. Lee,
5             Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor
6             New York, NY 10016.

7    **1.5**    **Class Members.** "Class Members" shall mean all current and former car wash
8             workers who performed work as non-exempt employees for Glenoak Enterprises
9             LLC at their "2000 Hand Car Wash" located at 17504 Horace Harding
10           Expressway, Fresh Meadows, NY 11365 from September 24, 2008 to July 28,
11           2015, including, but not limited to the Named Plaintiff and the FLSA Collective
12           Opt-in Plaintiffs.

13    **1.6**    **Class List.** A list of all Class Members attached as **Exhibit A**, identified by: (i)
14           name; (ii) last known address and telephone number (if on file); (iii) dates of
15           employment; and (iv) number of weeks and/or hours worked, that Defendants
16           shall provide to Class Counsel and the Settlement Administrator. The Class List
17           is to be used by Class Counsel and Settlement Administrator to effectuate
18           settlement, and may not be used for any other purpose.  Such list of Class
19           Members shall not exceed 100 individuals.

20    **1.7**    **Court.** "Court" means the United States District Court for the Eastern District of
21           New York.

22    **1.8**    **Days.** "Days" means business days if the specified number is less than 5, and
23           calendar days if the specified number is 5 or greater.

24    **1.9**    **Defendants' Counsel.** "Defendants' Counsel" shall mean Nils Shillito, Esq.,
25           Stephen D. Hans and Associates, P.C., 45-18 Court Sq. Street, Suite 403, New
26           York, NY 11101.

27    **1.10**    **Fairness Hearing.**  "Fairness Hearing" means the hearing before the Court
28           relating to the Motion for Final Approval.
29

30    **1.11**    **Final Approval Order.** "Final Approval Order" means the Order entered by the
31           Court after the Fairness Hearing, approving the terms and conditions of this
32           Agreement, distribution of the Settlement Checks and Service Award, and
33           Dismissal of the Litigation with prejudice.
34

35    **1.12**    **Final Effective Date.** "Final Effective Date" shall be the first date after the Court
36           has entered a Final Approval Order approving this settlement and dismissing the
37           Litigation with prejudice and the time to appeal from the Final Approval Order
38           has expired and no notice of appeal has been filed, or if a notice of appeal is filed,
39           the latest of the following, if applicable, has occurred: (1) any appeal from the
40           Final Approval Order has been finally dismissed; (2) the Final Approval Order

has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

1.13   **Individual Settlement Allocation.** "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to Section 3.4 of this Agreement.

1.14   **Released Rule 23 Class Claims.** "Released Rule 23 Class Claims" means any and all wage and hour claims that were asserted or could have been asserted under New York state law, including, but not limited to all provisions of the NYLL and all related regulations promulgated by the NYS Commissioner of Labor by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period September 24, 2008 through July 28, 2015.

1.15   **Released FLSA Claims.** "Released FLSA Claims" means all wage and hour claims that could have been asserted under federal law by or on behalf of Authorized Claimants, in the Litigation for the period September 24, 2011 through July 28, 2015, including, but not limited to all provisions of the FLSA and all related regulations.

1.16   **Gross Settlement Fund.** "Gross Settlement Fund" refers to $225,000, the maximum Defendants have agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, administration fees, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Award to Named Plaintiff.

1.17   **Named Plaintiff.** "Named Plaintiff" refers to Pedro Cabrera.

1.18   **Notice or Notices.** "Notice" or "Notices" means the Court–approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit including notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as **Exhibit B**.

1.19   **Objector.** "Objector" means an individual who properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

1.20   **Opt-out Statement.** "Opt-out Statement" is a written signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

1   **1.21    Preliminary Approval Order.**  "Preliminary Approval Order" means the Order
2           entered by the Court: (i) preliminarily approving the terms and conditions of this
3           Agreement, and, (ii) directing the manner and timing of providing Notices to the
4           Class Members.

5   **1.22    Settlement Administrator.**  The "Settlement Administrator" refers to Advanced
6           Litigation Strategies, LLC, a third party administrator under common control of
7           Plaintiff's counsel, who will mail the Notices, administer the allocation, and
8           distribute the payment of legal fees and expenses and that portion of the Gross
9           Settlement Fund as determined by the number of Authorized Claimants in this
10          matter.   The Settlement Administrator's fees shall be paid from the Gross
11          Settlement Fund.

12  **1.23    Settlement Checks.**  "Settlement Checks" means checks issued to Authorized
13          Claimants for their share of the Gross Settlement Fund calculated in accordance
14          with this Agreement.

15  **2.     INITIAL PROCEDURAL ISSUES**

16  **2.1     Binding Agreement.**  This Agreement is a binding agreement and contains all
17          material agreed-upon terms.

18  **2.2     Retention of the Settlement Administrator.**  Within five (5) days after the filing
19          of a Motion for Preliminary Approval, Class Counsel shall retain the Settlement
20          Administrator.

21  **2.3     Responsibilities of Settlement Administrator.**  The Settlement Administrator
22          shall be responsible for:  (i) preparing, printing and disseminating to Class
23          Members the Class Notice (ii) copying counsel for all Parties on material
24          correspondence and promptly notifying all counsel for the Parties of any material
25          requests or communications made by any Party; (iii) promptly furnishing to
26          counsel for the Parties copies of any requests for exclusion, objections or other
27          written or electronic communications from Class Members which the Settlement
28          Administrator receives; (iv) receiving and reviewing the Opt-out Statements
29          submitted by Class Members; (v) keeping track of requests for exclusion
30          including maintaining the original mailing envelope in which the request was
31          mailed; (vi) mailing the Settlement Checks to Authorized Claimants, and (vii)
32          providing a final report detailing the results of the class mailings and participation
33          to Defendants' counsel. For the avoidance of doubt, Defendants shall prepare and
34          print Settlement Checks to Authorized Claimants.

35  **2.4     Class Notice.**  The Class Notice, a copy of which is attached hereto as Exhibit B,
36          will inform Class Members about this settlement and will also advise them of the
37          opportunity to object to or opt-out, and/or to appear at the Fairness Hearing.
38          Within twenty (20) days of the entry of the Preliminary Approval Order by the
39          court, the Settlement Administrator will mail to all Class Members, via First Class
40          United States Mail, the Court–approved Notices of Proposed Settlement of Class

-5-

Action Lawsuit and Fairness Hearing. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable, and shall attempt a re-mailing to any member of the Settlement Class for whom it obtains a more recent address. The Settlement Administrator shall also mail a Class Notice to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the Class Notice and the Bar Date and requests that their Class Notice be re-mailed. The Settlement Administrator will notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.5    Preliminary Approval Motion.**

(A)    On or before September 30, 2015 the Parties will submit this executed Agreement to the Court and shall jointly move for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

(B)    The Preliminary Approval Motion also will seek the setting of a date for individuals to opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

(C)    If the Court denies Plaintiff's Motion for Preliminary Approval, the full amount of the Gross Settlement Fund shall be released by Defendants' Counsel back to the Defendants; provided, however, in the event that the Court requests that the Parties supplement or amend the Preliminary Approval Motion, the Parties shall in good faith mutually work cooperatively to provide such supplement or amendment to the Court in due haste.

(D)    Within ten (10) days after the Preliminary Approval Motion is filed, Defendants shall provide the required notice to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

**2.6    Notice to Class Members**

(A)    Within ten (10) days of the filing of the Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator with the Class List.  All information included in the Class List will be treated as confidential information by Class Counsel and the Settlement Administrator.  Said information will not be used by Class Counsel and

- 6-

1    the Settlement Administrator for any purpose other than to effectuate the
2    terms of settlement.

3    (B)   The Notice will inform all Class Members that all claims under the FLSA
4          will be deemed released upon endorsement and cashing and/or deposit of a
5          settlement check.  The back of each check shall bear the following legend:

6          "By my endorsement of this check, I opt into the lawsuit E.D.N.Y. 14-cv-
7          5599, and release all of my claims as described in the class settlement
8          agreement for that lawsuit."

9

10   **2.7   Class Member Opt-outs.**

11   (A)   Class Members who choose to opt-out of the settlement as set forth in this
12         Agreement must mail via First Class United States Mail, a written, signed
13         statement to the Settlement Administrator that states he or she is opting
14         out of the settlement, and include his or her name, address, and telephone
15         numbers and a statement indicating his or her intention to opt-out such as:
16         "I opt out of the wage and hour settlement" ("Opt-out Statement").  To be
17         effective, an Opt-out Statement must be post-marked by the Bar Date.

18   (B)   The end of the time period to opt-out of the settlement ("Opt-out Period")
19         shall be on or before the Bar Date.

20   (C)   Within three (3) days of the end of the Opt-out Period, Class Counsel will
21         file with the Clerk of Court, copies of any Opt-out Statements and send a
22         final list of all Opt-out Statements to Defendants' Counsel.

23   (D)   Any Class Member who does not submit an Opt-out Statement pursuant to
24         this Agreement shall be an Authorized Claimant, and will be deemed to
25         have accepted the settlement and the terms of this Agreement, will be
26         bound by the Final Approval Order and the dismissal of the Litigation
27         with prejudice, and shall have any and all Released Rule 23 Class Claims
28         released with prejudice and, upon the endorsement and cashing and/or
29         deposit of a settlement check, shall have released any and all Released
30         FLSA Claims, with prejudice.

31   **2.8   Objections to Settlement.**

32   (A)   Class Members who wish to present objections to the proposed settlement
33         at the Fairness Hearing must first do so in writing.  To be considered, such
34         statement must be mailed to the Settlement Administrator via First-Class
35         United States Mail post-marked by the Bar Date.  The statement must
36         include all reasons for the objection, and any supporting documentation.
37         The statement must also include the name, address, and telephone
38         numbers for the Class Member making the objection.  The Settlement

1            Administrator will stamp the date received on the original and send copies
2            of each objection, supporting documents, as well as a copy of the Notice
3            mailed to the Objector, to Class Counsel and Defendants' Counsel by
4            email delivery no later than three (3) days after receipt of the objection.
5            The Settlement Administrator will also file the date-stamped originals of
6            any and all objections with the Court within three (3) days after the end of
7            the Opt-out Period.

8     (B)    An individual who files objections to the settlement ("Objector") also has
9            the right to appear at the Fairness Hearing either in person or through
10          counsel hired by the Objector.  An Objector who wishes to appear at the
11          Fairness Hearing must state his or her intention to do so in writing on his
12          or her written objections at the time he or she submits his or her written
13          objections.  An Objector may withdraw his or her objections at any time.

14     (C)   The Parties may file with the Court written responses to any filed
15          objections no later than three (3) days before the Fairness Hearing.

16  **2.9**    **Fairness Hearing and Motion for Final Approval and Dismissal.**

17          At the Fairness Hearing and Motion for Final Approval and Dismissal, the Parties
18          will request that the Court, among other things: (1) approve the settlement and
19          this Agreement as fair, reasonable, adequate, and binding on all Class Members
20          who have not timely opted out of the settlement; (2) order the Settlement
21          Administrator to distribute Settlement Checks to the Authorized Claimants,
22          including a Service Award, if any, to be paid to the Named Plaintiff as described
23          in this Agreement; (3) approve the payment of attorneys' fees and costs to Class
24          Counsel; (4) approve the payment of fees to the Settlement Administrator; (5)
25          order the dismissal with prejudice of the Litigation and all Released FLSA Claims
26          and Released Rule 23 Class Claims asserted in the Litigation, including the claims
27          of all Class Members who did not opt-out; and, (6) retain jurisdiction over the
28          interpretation and implementation of this Agreement as well as any and all
29          matters arising out of, or related to, the interpretation or implementation of this
30          Agreement and of the settlement contemplated thereby.  The Fairness Hearing
31          shall not be held earlier than ninety (90) days after the date that notice is provided
32          by the Defendants to appropriate federal and state officials pursuant to the Class
33          Action Fairness Act of 2005.

34  **2.10**  **Mailing of Settlement checks.**

35          The Settlement Checks will be mailed to the Named Plaintiff and Authorized
36          Claimants by the Settlement Administrator 30 days after the Final Effective Date.
37          The check for approved attorneys' fees and expenses to Class Counsel shall be
38          mailed by the Administrator to Class Counsel within 10 days after the Final
39          Effective Date.

**2.11    Effect of Failure To Grant Final Approval**

In the event the Court does not approve this settlement, the Parties shall proceed as follows:

(a)    The Litigation will resume unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying approval of this settlement; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(b)    In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(c)    If the Parties do not jointly agree to seek reconsideration or appellate review of the decision denying approval of this settlement and/or a mutually agreeable renegotiated settlement agreement cannot be reached by the parties, settlement funds shall then be returned by Defendants' Counsel to the Defendants.

(d)    If the Parties jointly agree to seek reconsideration and/or appellate review of the decision denying approval of this settlement and reconsideration and/or appellate review is denied, settlement funds shall then be returned by Defendants' Counsel to the Defendants.

(e)    If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action and to contest the merits of the claims being asserted by Plaintiff and the FLSA Collective Opt-in Plaintiffs in this Litigation and shall have the opportunity to engage in further discovery. Named Plaintiff likewise retains the right to seek certification of a class or collective action and shall have the opportunity to engage in further class and expert discovery.

**3.    SETTLEMENT TERMS**

**3.1    Settlement Amount.**

(A)    Defendants agree to create a "Gross Settlement Fund" in the maximum of $225,000 which shall fully resolve and satisfy any and all claims for (i) Class Counsel's attorneys' fees, expenses and costs approved by the Court, (ii) fees to the Settlement Administrator and (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein, and any Court-approved Service Award.  Except as described in Section 3.5(B), under no circumstances shall the Defendants pay any amount

1           above $225,000 in connection with this Agreement and the settlement of
2           the Litigation.

3    (B)    Defendants shall fund the Gross Settlement Fund on the earlier of (i) the
4           date that the Settlement Agreement is signed or (ii) August 31, 2015 with
5           $225,000, into the escrow account of Defendants' Counsel, which shall be
6           held in escrow pending final approval of class settlement by the Court.
7           Upon entry by the Court of a Final Approval Order, Defendants' Counsel
8           shall then return all funds constituting the Gross Settlement Fund, net of
9           amounts payable to Plaintiff's Counsel and Settlement Administrator as
10          fees and costs, to the Defendants so that the Defendants can issue all of the
11          Settlement Checks and provide them to the Settlement Administrator for
12          appropriate distribution, provided, however, that fees and expenses to
13          Plaintiff's Counsel and Settlement Administrator shall be paid directly
14          from Defendants' Counsel's escrow.

15    (C)    Subject to the provisions of this paragraph, any uncashed Settlement
16          Checks that remain uncashed six months after the mailing of the
17          Settlement Checks by the Settlement Administrator shall be voided by
18          Defendants, and funds constituting the total amount of any such uncashed
19          Settlement Checks shall be applied to a *cy pres* charitable donation to a
20          charitable or educational organization devoted to educating disabled
21          children at the election of Plaintiff's counsel; provided however, that the
22          Settlement Administrator may (prior to any *cy pres* donation) apply any
23          amounts outstanding after the mailing to cover any unforeseen expenses
24          and costs relating to the class settlement. For purposes of this provision,
25          the mailing date shall be deemed to be the date posted on the Settlement
26          Checks.

27

28  **3.2**    **Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

29    (A)    At the Fairness Hearing and Motion for Final Approval, Class Counsel
30          will petition the Court for an award of attorneys' fees of no more than 1/3
31          of the Gross Settlement Fund ($75,000.00) plus additional costs and
32          expenses (estimated to be approximately $5,000), to be paid out of the
33          Gross Settlement Fund.  Defendants will not oppose this application,
34          including any appeal or request for reconsideration if the application is
35          denied or modified by the Court.  After payment of the approved
36          attorneys' fees award and costs, Defendants shall have no additional
37          liability for Class Counsel's attorneys' fees, expenses and costs.

38    (B)    The substance of Class Counsel's application for attorneys' fees, expenses
39          and costs is to be considered separately from the Court's consideration of
40          the fairness, reasonableness, adequacy, and good faith of the settlement of
41          the Litigation.  The outcome of any proceeding related to Class Counsel's

application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

(C) The approved attorneys' fees, expenses and costs shall be mailed by the Settlement Administrator on the Final Effective Date.

**3.3 Service Award to Named Plaintiff.**

(A) In return for services rendered to the Class Members, at the Fairness Hearing, Pedro Cabrera will apply to the Court to receive $10,000 as a Service Award, to be paid out of the Gross Settlement Fund. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B) The application for Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

**3.4 Administration Fees**

(A) In return for services rendered to the Class Members, the Settlement Administrator will apply to the Court for administration fees, costs and expenses of $25,000, to be paid out of the Gross Settlement Fund. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B) The application for administration fees is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for administration fees will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

**3.5 Net Settlement Fund and Allocation to Class Members.**

(A) After deduction of Class Counsel's attorneys' fees, expenses and costs, the Settlement Administrator's administration fees, expenses and costs, and the Named Plaintiff's Service Award from the Gross Settlement Fund, Individual Settlement Allocations for each Authorized Claimant will be computed as follows from the remaining "Net Settlement Fund":

(i) Authorized Claimants will be paid a proportionate share of the Net Settlement Fund ($110,000) as follows:

(a) the list of people listed on Exhibit C shall receive the amount of actual back wages owed, which shall equal $20,527 of the Net Settlement Fund.

(b) the balance of the Net Settlement Fund ($89,473) shall be allocated based on days and weeks.worked by Authorized Claimants during the period from September 24, 2008 to July 28, 2015, and based on their actual rates of pay provided by Defendants, which in any event will be subjected to a minimum payment of $50.

(B)     The employer's portion, if any, of employment taxes, specifically FICA and FUTA, shall be born by Defendants and shall not be paid from the Gross Settlement Fund.  Settlement payments to Authorized Claimants as identified in paragraph 3.5(A) from Defendants will be deemed 50% wages and 50% non-wage liquidated damages subject to 1099 reporting.  Named Plaintiff's Service Award will be considered 1099 non-wage income.  Forms 1099 shall be issued to Class Counsel and to the Settlement Administrator for tax reporting purposes.

4.     **RELEASE**

4.1     **Release of Claims.**

(A)     By operation of the entry by the Court of the Final Approval Order, dismissing the Litigation with prejudice, each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, managers, trustees, employees, agents, shareholders, members, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future from Released Rule 23 Class Claims.

(B)     By operation of the entry by the Court of the Final Approval Order, each individual Authorized Class Claimant who endorses and cashes and/or deposits any settlement check forever and fully releases Defendants from all Released FLSA Claims.

(C)     Upon payment of the attorneys' fees, expenses, and costs approved by the Court, Class Counsel and the Named Plaintiff, individually and on behalf of the Class Members and each individual Class Member and each of the FLSA Collective Opt-in Plaintiffs, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that he, she or they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Class Members, including the FLSA

Collective Opt-in Plaintiffs. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

**4.2    Denial of Liability**

Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability or wrongdoing of any kind by Defendants, nor as an admission that a class should be certified for any purpose other than settlement purposes.

**5.    INTERPRETATION AND ENFORCEMENT**

**5.1    Cooperation Between the Parties; Further Acts.**  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2    No Assignment.**  Class Counsel and Named Plaintiff, individually and on behalf of the individual Class Members, including the FLSA Collective Opt-in Plaintiffs, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.3    Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.4    Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, including the FLSA Collective Opt-in Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.5    Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.6**   **Captions.**   The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.7**   **Construction.**   The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.8**   **Blue Penciling.**   If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.9**   **Governing Law.**   This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.10**   **Continuing Jurisdiction.**   The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

**5.11**   **Waivers, etc. to Be in Writing.**   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12**   **When Agreement Becomes Effective; Counterparts.**   This Agreement shall become effective upon its full execution and approval by the Court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.13**   **Facsimile and Email Signatures.**   Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

- 14-

1

2 **WE AGREE TO THESE TERMS,**

3 **NAMED PLAINTIFF, Individually and on behalf of all NYLL Class Members and all**
4 **FLSA Collective Opt-in Plaintiffs:**

5

6 STATE OF NEW YORK     )
7                       ) ss:
8 COUNTY OF  New York   )

9

10      I, **Pedro Cabrera**, affirm that I have fully reviewed the foregoing Agreement
11 with my attorney, that it has been explained to me and, if necessary, has been fully
12 interpreted to me in my native language, that I understand all of its provisions, and that I
13 enter into this Agreement knowingly and voluntarily on behalf of myself individually and
14 also on behalf of all NYLL Class Members and FLSA Collective Opt-in Plaintiffs.

15
16
17
18                                          _Pedro Cabrera_
19                                          **Pedro Cabrera**, Individually and on
20                                          behalf of all NYLL Class Members
21                                          and all FLSA Collective Opt-in
22                                          Plaintiffs

23 Sworn to before me this

24 11th day of November , 2015

25

26 _____
27 Notary Public

28
29
30   ┌─────────────────────────────────────┐
31   │        ANNE SEELIG-SUHRCKE          │
32   │   Notary Public, State of New York  │
     │        No. 02SE6113610              │
33   │    Qualified in New York County     │
     │   Commission Expires 08-02-2016     │
     └─────────────────────────────────────┘
34
35
36
37
38
39
40
41

**DEFENDANTS:**

STATE OF NEW YORK )
) ss:
COUNTY OF Nassau )

I, **Avi Mordekovich,** affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in my capacity as General Manager of both Glenoak Enterprises LLC and Phenomena Wash, Ltd.

**Avi Mordekovich,** General Manager
of both Glenoak Enterprises LLC
and Phenomena Wash, Ltd.

Sworn to before me this

12 day of Nov , 2015

_____
Notary Public

ELIZABETH K HELSEL
Notary Public - State of New York
NO. 01HE6179584
Qualified in Nassau County
My Commission Expires 12.24.15

- 16 -

Exhibit A

[Class List]

[Redacted on ECF]

Exhibit B

[Form of Notice]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

PEDRO CABRERA,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                               Plaintiff,                  Case No.: CV-14-5599

                                                     **NOTICE OF PENDENCY OF**
                                                      **CLASS ACTION AND**
                v.                                      **PROPOSED SETTLEMENT**

GLENOAK ENTERPRISES LLC d/b/a
2000 HAND CAR WASH,
PHENOMENA WASH, LTD. d/b/a
SAVVY CAR WASH and ARTHUR STEIN ,

                              Defendants.

_____

**If you were employed as a car wash worker by Glenoak Enterprises LLC as a non-exempt employee at the "2000 Hand Car Wash" located at 17504 Horace Harding Expressway, Fresh Meadows, NY 11365 from September 24, 2008 to July 28, 2015, please read this Notice.**

DATED:     _____, 2015

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

### Introduction

A former car wash worker, Pedro Cabrera, filed a lawsuit for allegedly unpaid overtime premiums, and other claimed damages against the above-captioned Defendants. The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is known as _Cabrera v. Glenoak Enterprises LLC, et al._ The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and other non-exempt car wash workers the proper overtime in

violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Plaintiff also claims Defendants failed to pay all other non-exempt car wash workers spread of hours premium. Defendants deny the Plaintiff's allegations. It is Defendants' position that they properly compensated Plaintiff and other non-exempt employees.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees. Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay a maximum of $225,000. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely opt-out form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for Glenoak Enterprises LLC as a non-exempt car wash worker at the "2000 Hand Car Wash" located at 17504 Horace Harding Expressway, Fresh Meadows, NY 11365 at sometime between September 24, 2008 to July 28, 2015.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Judge Frederic Block of the United States District

2

Court for the Eastern District of New York is presiding over this class action.  Judge Block has not made any determination about who is right or wrong in this lawsuit.

### 3. Why is there a settlement?

Class Counsel analyzed and evaluated the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and a significant sample of the potential Class Members and evaluated Defendants' ability to pay a judgment.  Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement.  Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and the Class Members.  Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all attorneys' fees, costs, and administrative charges have been paid.

### 4.        Payment to Class

If you do nothing, you will automatically be deemed to be part of the class settlement and will receive your settlement check if and when the Court approves the settlement and after all appeals have been exhausted. You will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period September 24, 2008 to July 28, 2015.   .  If you would like information about the amount of your individual settlement payment, please contact the Settlement Administrator, Advanced Litigation Strategies, LLC, 30 East 39th Street, Second Floor, New York, New York, 10016, 212-661-0541.

### 5.        Payment to Class Representatives

The Settlement proposes that Plaintiff Pedro Cabrera, who took a lead role in this litigation and assisted in its resolution will receive a service payment of $10,000 in compensation for taking a leading role in this litigation, for his significant involvement and time in discovery for the benefit of the Class Members.

### 6.        Procedures

If you do nothing, you will automatically participate in the class settlement.  If you want to exclude yourself, please refer to Paragraph 7 hereto.

If the Court grants final approval of the Settlement, this action will end, and Class Members who do not opt out will release Defendants through July 28, 2015 from all claims asserted in the Complaint as described below.  This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the claims brought in this case, although you may still retain certain Federal claims.  It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

(i) **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted, for the period September 24, 2008 to July 28, 2015 and**

(ii) **With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted, for the period September 24, 2011 to July 28, 2015.**

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims.**

| 7. | How Do I Exclude Myself From The Settlement. |
|---|---|

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of _____, 2015.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

| 8. | If I don't exclude myself from the settlement, can I sue Defendants for the same thing later? |
|---|---|

Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____, 2015.

| 9. | If I exclude myself, can I get money from this settlement? |
|---|---|

4

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

### 10.  Do I have a lawyer in this case?

The law firm of Lee Litigation Group, PLLC, 30 East 39th Street, Second floor, New York, New York 10016, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel.  You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.  How will the service providers be paid?

Class Counsel will ask the Court to approve payment of up to $75,000.00 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $25,000 as fees to Advanced Litigation Strategies, LLC to administer the settlement.

### 12.  How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement of Cabrera v. Glenoak Enterprises LLC, et al. Your statement must include all reasons for the objection and any supporting documentation in your possession.  Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below.  Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by _____ 2015.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 13.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement.  Class Counsel will answer questions the Judge may have.  You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend.  As long as you mailed your written objection on time, the Court will consider it.  If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

### 14.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2015, in Room 10C S at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.   The Judge will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

### 15.  Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

Exhibit C

[List of People Receiving Actual Backwages Owed]

[Redacted on ECF]